IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| COX COMMUNICATIONS, INC., a Delaware corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>GIGABLAST, INC., a Delaware corporation,<br><br>　　　Defendant. | Civil Action File No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

　　　Plaintiff Cox Communications, Inc. ("Cox") alleges the following for its Complaint for Declaratory Judgment against Defendant Gigablast, Inc. ("Defendant").

**NATURE OF THE CLAIM**

　　　1.　This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, to resolve an actual case or controversy between the parties and for a declaratory judgment that Cox's use of its trademarks has not infringed or interfered with, and does not infringe or otherwise interfere with, the asserted rights of Defendant, and that Cox's acts have not violated and do not violate federal or state laws relating to trademark infringement, unfair competition, or deceptive trade practices, including without limitation Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and the statutory or common law of the State of New Mexico or the laws of other States.

**THE PARTIES**

2. Plaintiff Cox Communications, Inc. is a Delaware corporation with its principal place of business located at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

3. Upon information and belief, Defendant Gigablast, Inc. is a Delaware corporation with its principal place of business at 4001 Bogan Avenue, Building A, Albuquerque, New Mexico 87109.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. § 2201.

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is domiciled in this District, regularly does business in this District, or otherwise has made or established contacts with this District sufficient to permit the exercise of personal jurisdiction.

6. Venue is proper under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claim in this case occurred in this District, and upon information and belief, Defendant has a principal place of business in this District and is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

<u>Cox and Its GIGABLAST Mark</u>

7. Cox is one of the nation's leading providers of cable, entertainment, and communications products and services.

8. In or around October, 2014, Cox began providing high-speed internet access services in connection with the trademark GIGABLAST to residential customers in and around Phoenix, Arizona.

9. Cox currently offers high-speed internet services in connection with its GIGABLAST mark in other geographic areas, in Orange County, California, Omaha, Nebraska, Las Vegas, Nevada, Fayetteville, Arkansas, Baton Rouge, Louisiana, Providence, Rhode Island, Tulsa and Oklahoma City, Oklahoma, and Norfolk, Virginia, and Cox will soon offer its high-speed internet services in connection with its GIGABLAST mark in the state of Georgia.

10. The high speed internet services Cox offers in connection with its GIGABLAST mark involve the deployment of internet services at gigabit speeds, which are up to 100 times faster than the speed of average broadband or digital subscriber line ("DSL") internet services.

<u>Defendant, Its Search Engine Software, and Threats of Legal Action</u>

11. Upon information and belief, Defendant is engaged in the business of providing computer search engine software to commercial customers.

12. Upon information and belief, Defendant is not engaged in the business of providing high-speed internet access services to residential customers.

13. Cox and Defendant are not competitors.

14. Cox and Defendant do not sell or offer for sale the same goods and services under their respective GIGABLAST marks nor do Cox and Defendant target the same customers for the goods and services they sell or offer for sale under their respective GIGABLAST marks.

15. The goods and services Cox and Defendant sell or offer for sale under their respective GIGABLAST marks are not similarly priced.

16.     Upon information and belief, to the extent Defendant has made any sales of goods or services under the GIGABLAST mark, such sales have been in extremely limited geographic areas.

17.     Upon information and belief, Defendant has not made use of the GIGABLAST mark in connection with computer search engine software, or developed trademark rights in GIGABLAST in connection with any other goods or services, in any of the markets where Cox offers its high-speed internet access services under the GIGABLAST mark.

18.     On May 15, 2012, Defendant obtained U.S. Registration No. 4142197 for the mark GIGABLAST for use in connection with "computer search engine software."

19.     On April 22, 2015, Defendant sent counsel for Cox a letter demanding that Cox cease and desist use of GIGABLAST and similar marks. That letter threatened to file suit if Cox did not comply and also requested that Cox respond by May 4, 2015. A true and correct copy of that letter is attached as **Exhibit 1** to this Complaint.

20.     Subsequently, counsel for Cox contacted counsel for Defendant, and over the next few months, the parties engaged in settlement negotiations, which were ultimately unsuccessful. During those negotiations, counsel for Cox pointed out that Defendant's U.S. Registration No. 4142197 did not cover the services about which Defendant claimed there was confusion and that there was no likelihood of confusion as to the goods covered by Defendant's U.S. Registration No. 4142197.

21.     Following these discussions with counsel for Cox, on July 30, 2015, Defendant filed U.S. Application Serial No. 86710149 to register the mark GIGABLAST for use in connection with "provision of internet search engines," which passed to publication on December 15, 2015.

22. On January 14, 2016, Cox filed an extension of time to oppose the registration of U.S. Application Serial No. 86710148.

23. Cox is not aware of any consumer or customer who has mistakenly believed that Cox's GIGABLAST services were put out by or with the authorization, sponsorship, or approval of Defendant or that Defendant's search engine software or any of its goods or services were put out by or with the authorization, sponsorship, or approval of Cox.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement under 28 U.S.C. §§ 2201-2202)**

24. Cox repeats and realleges the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Defendant has asserted that it owns protectable rights in the mark GIGABLAST.

26. Cox denies that it has infringed or violated, or that its use of its GIGABLAST mark in connection with the provision of high-speed internet services to residential customers will ever infringe or in any way violate, Defendant's purported rights in the GIGABLAST mark.

27. Cox denies that it has competed or is competing unfairly with Defendant or Defendant's purported rights in the GIGABLAST mark.

28. No likelihood of confusion exists with respect to Cox's use of its GIGABLAST mark.

29. Cox is not aware of, and upon information and belief, Defendant is not aware of, any actual confusion that has resulted from Cox's use of its GIGABLAST mark.

30. An actual, immediate, and justiciable controversy exists between the parties over whether Cox is infringing or otherwise violating Defendant's purported rights in the GIGABLAST mark.

31. Cox has been and will continue to be damaged by the persistent uncertainty created by Defendant's unsubstantiated claims with respect to Cox's legitimate use of its GIGABLAST mark.

32. Accordingly, Cox is entitled to a declaration by this Court that its use of its GIGABLAST mark in connection with its services in its markets does not infringe or otherwise violate Defendant's purported rights.

**WHEREFORE**, Cox prays for the following relief:

1. An order declaring that Cox's use of its GIGABLAST mark does not infringe, dilute, or otherwise violate Defendant's purported rights and that Defendant is without right or authority to maintain suit against Cox for alleged infringement, unfair competition, or deceptive trade practices under federal or state law.

2. A permanent injunction enjoining and restraining Defendant, its agents, attorneys, and all persons in active concert or participation with Defendant, from:

   (a) interfering in any manner with Cox's use or registration of its GIGABLAST mark in connection with high speed internet services; and

   (b) initiating infringement litigation against Cox, or any of its franchisees, licensees, or agents based on Cox's use or registration of its GIGABLAST mark in connection with high-speed internet services.

3. An order that Defendant be required to pay to Cox the costs of this action and its reasonable attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117.

4. Such other and further relief as this Court may deem just and proper.

Dated:   January 15, 2016.

                                    Respectfully Submitted,

                                    FREEDMAN BOYD HOLLANDER
                                    GOLDBERG URIAS & WARD, P.A.

                                    /s/   *John W. Boyd*
                                    John W. Boyd
                                    20 First Plaza, Suite 700
                                    Albuquerque, NM 87102
                                    Telephone:   (505) 842-9960
                                    Facsimile:   (505) 842-0761
                                    Email:   jwb@fbdlaw.com

                                    Judith A. Powell, Esq.
                                    Jennifer Fairbairn Deal, Esq.
                                    KILPATRICK TOWNSEND & STOCKTON LLP
                                    1100 Peachtree Street, Suite 2800
                                    Atlanta, Georgia 30309-4530
                                    Phone: (404) 815-6500
                                    Fax: (404) 815-6555
                                    Email: jpowell@kilpatricktownsend.com
                                    jdeal@kilpatricktownsend.com

                                    *Attorneys for Plaintiff*