IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

COX COMMUNICATIONS, INC., a
Delaware corporation,

    Plaintiff/Counterclaim-Defendant,

v.

GIGABLAST, INC., a Delaware corporation,

    Defendant/Counterclaim-Plaintiff.

Case No. 1:16-CV-00036-CG-WPL

## ANSWER TO COUNTERCLAIM

Plaintiff/Counterclaim-Defendant Cox Communications, Inc. ("Cox") responds to the individually numbered paragraphs of the Counterclaim filed by Defendant/Counterclaim-Plaintiff Gigablast, Inc. ("Defendant") on March 4, 2016 (ECF No. 9) as follows.

1.    Cox is without information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

2.    Cox is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3.    Cox is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

4.    Cox admits that United States Patent and Trademark Office ("USPTO") records state that Defendant is the owner of U.S. Trademark Registration No. 4142197 for GIGABLAST, covering "[c]omputer search engine software" in International Class 009. Cox

also admits that Exhibit 1 to Defendant's Counterclaim appears to be a copy of U.S. Trademark Registration No. 4142197. Cox denies that Defendant has made use of the GIGABLAST mark in connection with computer search engine software, or developed trademark rights in GIGABLAST in connection with any other goods or services, in any of the markets where Cox offers its high-speed internet access services under the GIGABLAST mark.

5. Cox denies that Defendant has made use of the GIGABLAST mark in connection with computer search engine software, or developed trademark rights in GIGABLAST in connection with any other goods or services, in any of the markets where Cox offers its high-speed internet access services under the GIGABLAST mark. Cox is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 5 and, therefore, denies them.

6. Cox admits that USPTO records state that Defendant is the owner of U.S. Trademark Application Serial No. 86710149 for GIGABLAST, covering "[p]rovision of Internet search engines" in International Class 042 and that U.S. Trademark Application Serial No. 86710149 was published for opposition on December 15, 2015. Cox denies any remaining allegations in Paragraph 6.

7. Cox denies that Defendant has made use of the GIGABLAST mark in connection with the provision of internet search engines, or developed trademark rights in GIGABLAST in connection with any other goods or services, in any of the markets where Cox offers its high-speed internet access services under the GIGABLAST mark. Cox is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies them.

8. Cox avers that Paragraph 8 does not contain any factual allegations to which a response is required, but Cox denies any affirmative factual allegations intended to be made in Paragraph 8.

9. Cox denies that Defendant has made use of the GIGABLAST mark in connection with computer search engine software or services, or developed trademark rights in GIGABLAST in connection with any other goods or services, in any of the markets where Cox offers its high-speed internet access services under the GIGABLAST mark. Cox is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 9 and, therefore, denies them.

10. Cox denies the allegations in Paragraph 10.

11. Cox admits the allegations in Paragraph 11.

12. Cox admits that an initial office action was issued on October 7, 2014 in connection with Cox's U.S. Trademark Application Serial No. 86329426 for the mark GIGABLAST ("Office Action"). Cox further admits that Exhibit 2 to Defendant's Counterclaim appears to be a copy of that October 7, 2014 initial office action. Cox denies any remaining allegations in Paragraph 12.

13. Cox avers that the Office Action speaks for itself and, therefore, denies the allegations in Paragraph 13.

14. Cox avers that the Office Action speaks for itself and, therefore, denies the allegations in Paragraph 14, and further denies that its use or registration of its GIGABLAST mark in connection with the provision of high-speed internet services to residential customers

creates any likelihood of confusion with the mark in U.S. Trademark Registration No. 4142197 or infringes or in any way violates Defendant's purported rights in the GIGABLAST mark

15. Cox avers that the Office Action speaks for itself and, therefore, denies the allegations in Paragraph 15, and further denies that its use or registration of its GIGABLAST mark in connection with the provision of high-speed internet services to residential customers creates any likelihood of confusion with the mark in U.S. Trademark Registration No. 4142197 or infringes or in any way violates Defendant's purported rights in the GIGABLAST mark.

16. Cox avers that the Office Action speaks for itself and, therefore, denies the allegations in Paragraph 16, and further denies that its use or registration of its GIGABLAST mark in connection with the provision of high-speed internet services to residential customers creates any likelihood of confusion with the mark in U.S. Trademark Registration No. 4142197 or infringes or in any way violates Defendant's purported rights in the GIGABLAST mark.

17. Cox avers that the Office Action speaks for itself and, therefore, denies the allegations in Paragraph 17, and further denies that its use or registration of its GIGABLAST mark in connection with the provision of high-speed internet services to residential customers creates any likelihood of confusion with the mark in U.S. Trademark Registration No. 4142197 or infringes or in any way violates Defendant's purported rights in the GIGABLAST mark.

18. Cox denies the allegations in Paragraph 18.

19. Cox admits the allegations in Paragraph 19.

20. Cox admits that it has provided and continues to provide high-speed internet access services in connection with the trademark GIGABLAST to residential customers in good faith. Cox denies any remaining allegations in Paragraph 20.

21. Cox admits that it has marketed its high-speed internet access services in connection with the trademark GIGABLAST to residential customers in good faith, including using certain media in certain markets. Cox denies any remaining allegations in Paragraph 21.

22. Cox is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them.

23. Cox admits that on April 22, 2015, Defendant sent counsel for Cox a letter demanding that Cox cease and desist use of GIGABLAST and similar marks and threatening to file suit if Cox did not comply. Cox denies any remaining allegations in Paragraph 23.

24. Cox admits that on April 22, 2015, Defendant sent counsel for Cox a letter demanding that Cox cease and desist use of GIGABLAST and similar marks and threatening to file suit if Cox did not comply. Cox denies any remaining allegations in Paragraph 24.

25. Cox admits that it has provided and continues to provide high-speed internet access services in connection with the trademark GIGABLAST to residential customers in good faith. Cox denies any remaining allegations in Paragraph 25.

26. Cox admits that in or around October, 2014, Cox began providing high-speed internet access services in connection with the trademark GIGABLAST to residential customers in and around Phoenix, Arizona and that it currently offers high-speed internet services in connection with its GIGABLAST mark in certain other geographic areas, including in Orange County, California, Omaha, Nebraska, Las Vegas, Nevada, Fayetteville, Arkansas, Baton Rouge, Louisiana, Providence, Rhode Island, Tulsa and Oklahoma City, Oklahoma, and Norfolk, Virginia. Cox denies any remaining allegations in Paragraph 26.

## COUNT ONE

(Trademark Infringement under 15 U.S.C. § 1114 *et seq.*)

27. Cox incorporates its responses to all preceding paragraphs as if fully restated here.

28. Cox admits that USPTO records state that Defendant is the owner of U.S. Trademark Registration No. 4142197 for GIGABLAST. Cox denies any remaining allegations in Paragraph 28.

29. Cox denies the allegations in Paragraph 29.

30. Cox admits that Defendant has not consented to Cox's use of its GIGABLAST mark, but Cox denies that it needs any such consent or that Defendant has any authority related to or over Cox's use of its GIGABLAST mark.

31. Cox denies the allegations in Paragraph 31.

32. Cox denies the allegations in Paragraph 32.

33. Cox denies the allegations in Paragraph 33.

34. Cox denies the allegations in Paragraph 34.

35. Cox denies the allegations in Paragraph 35.

36. Cox denies the allegations in Paragraph 36.

37. Cox denies the allegations in Paragraph 37.

38. Cox denies the allegations in Paragraph 38.

39. Cox denies the allegations in Paragraph 39.

## COUNT TWO

(Trademark Infringement and Unfair Competition under 15 U.S.C. § 1125(a) *et seq.*)

40. Cox incorporates its responses to all preceding paragraphs as if fully restated here.

41. Cox denies the allegations in Paragraph 41.

42. Cox denies the allegations in Paragraph 42.

43. Cox denies the allegations in Paragraph 43.

44. Cox denies the allegations in Paragraph 44.

45. Cox denies the allegations in Paragraph 45.

## COUNT THREE

(Unfair or Deceptive Trade Practices Under N.M. Stat. § 57-12-1- *et seq.*)

46. Cox incorporates its responses to all preceding paragraphs as if fully restated here.

47. Cox denies the allegations in Paragraph 47.

48. Cox denies the allegations in Paragraph 48.

49. Cox denies the allegations in Paragraph 49.

## COUNT FOUR

(Common Law Unfair Competition)

50. Cox incorporates its responses to all preceding paragraphs as if fully restated here.

51. Cox denies the allegations in Paragraph 51.

52. Cox admits that Defendant has not consented to Cox's use of the GIGABLAST mark, but Cox denies that it needs any such consent or that Defendant has any authority related to or over Cox's use of the GIGABLAST mark.

53. Cox denies the allegations in Paragraph 53.

54. Cox denies the allegations in Paragraph 54.

55. Cox denies the allegations in Paragraph 55.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant has brought this Counterclaim for improper purposes, making this an exceptional case under 35 U.S.C. § 1117.

### THIRD DEFENSE

Cox has acted in good faith at all times with respect to the allegations in Defendant's Counterclaim, and Cox's conduct has never been intentional or willful.

### FOURTH DEFENSE

Some or all of Defendant's claims are barred or limited by the doctrines of waiver, estoppel, unclean hands, acquiescence, and/or laches.

### ADDITIONAL DEFENSES

Cox reserves the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.

Cox denies all allegations in Defendant's Counterclaim not expressly admitted herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Cox respectfully requests that this Court enter judgment in its favor:

(1) Dismissing all claims asserted against Cox in Defendant's Counterclaim with prejudice;

(2)     Requiring Defendant to pay the costs of this action and, to the extent authorized by law, to reimburse Cox for its attorneys' fees and expenses of litigation; and

(3)     Granting Cox such other and further relief as this Court deems just and proper.

Dated: March 28, 2016

>Respectfully submitted by:
>
>FREEDMAN BOYD HOLLANDER
>GOLDBERG URIAS & WARD, P.A.
>
>/s/ *John W. Boyd*
>John W. Boyd
>20 First Plaza, Suite 700
>Albuquerque, NM 87102
>Telephone: (505) 842-9960
>Facsimile: (505) 842-0761
>Email: jwb@fbdlaw.com
>
>KILPATRICK TOWNSEND & STOCKTON LLP
>Judith A. Powell, Esq.
>Jennifer Fairbairn Deal, Esq.
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309-4530
>Phone: (404) 815-6500
>Fax: (404) 815-6555
>Email: jpowell@kilpatricktownsend.com
>jdeal@kilpatricktownsend.com
>
>*Attorneys for Plaintiff/Counterclaim-Defendant*

## CERTIFICATE OF SERVICE

I CERTIFY that on March 28, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ <i>John W. Boyd</i><br>
John W. Boyd