**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

COX COMMUNICATIONS, INC.,
a Delaware corporation,

       Plaintiff,

v.     CV 16-36 RB/WPL

GIGABLAST, INC., a Delaware
corporation,

       Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

The parties agree that a protective order is appropriate in this case, but were unable to agree to the scope or form of that order. This disagreement prompted Plaintiff Cox Communications to file a motion for entry of protective order. (Doc. 34.) Defendant Gigablast responded, indicating that its only opposition was Cox's proposed two-tiered system, which included a "Highly Confidential – Attorneys' Eyes Only" designation. (Doc. 35 at 1.) Cox filed a late reply. (Doc. 37.) Having reviewed the briefing and the proposed protective orders, I grant Cox's motion for a protective order and enter a protective order as described herein.

Federal Rule of Civil Procedure 26(c)(1)(G) explicitly contemplates the entry of a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Attorneys' eyes only restrictions are "not an uncommon feature in protective orders in modern complex commercial litigation." *S2 Automation LLC v. Micron Tech., Inc.*, 283

F.R.D. 671, 685 (D.N.M. 2012); *see also Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202 (10th Cir. 2014) (quoting *In re City of New York*, 607 F.3d 923, 935 (2d Cir. 2010)).

In response to the motion for a protective order, Gigablast cites no authority of any kind for the proposition that an Attorneys' Eyes Only provision is inappropriate in this case. Indeed, Gigablast's argument is that it is a small company and Cox may abuse the additional layer of protection, and that Matthew Wells, Gigablast's principal, needs to see all of Cox's disclosures in order to assist in this case. (*See* Doc. 35.) Gigablast notes that Cox pled, in its Complaint, that Cox and Gigablast are not competitors and do not offer or sell the same goods or services under their respective marks. (*Id.* (citing Doc. 1.).) However, in its Answer, Gigablast denied these allegations. (Doc. 9.) Additionally, in appended email correspondence between counsel, counsel for Gigablast writes "our position is that [Cox and Gigablast] are in related fields." (Doc. 34-2 at 60.) Gigablast cannot have it both ways and now argue that an Attorneys' Eyes Only is inappropriate based on Cox's rejected contention that the two companies are not in the same field.

Under the circumstances, and given the nature of trademark litigation and the likelihood that both sides will need to produce proprietary commercial information, including financial information, I find that a two-tiered approach to the protective order is appropriate and therefore grant Cox's motion for a protective order. Both sides are reminded that they must, in accordance with the protective order and the Rules of Civil Procedure, exercise the confidentiality designations in good faith.

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the following provisions shall govern the pretrial disclosure and use by the parties of documents, electronically stored information

("ESI"), testimony, and other information (collectively "Information") given during the course of discovery. Nothing herein is intended to preclude a party from objecting to discovery or disclosure based on a claim of privilege, work product, relevancy or any other grounds permitted by applicable law, including without limitation, that the Information is proprietary or a trade secret and is not subject to disclosure despite the existence of this Order. The existence of this Order, standing alone, is not a basis to compel disclosure of such Information.

1.      Introduction and Scope. Discovery in this case may require disclosure of Information which the parties or producing party (the "Producing Party") consider confidential in nature and which requires protection against unrestricted disclosure and use. This Order shall govern documents and information exchanged during this action including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, discovery responses, and correspondence between counsel.

2.      Designation of Certain Information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party may designate Information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such information contains non-public, sensitive or confidential information. The designation may only be used for the followings types of past, current, or future Information: (1) sensitive technical information, including, but not limited to, research, development, manufacturing information or patent prosecution information; (2) sensitive business information, including, but not limited to, highly sensitive financial or marketing information or the identity of suppliers, distributors, or potential or actual customers; (3) competitive technical information, including, but not limited to, technical analyses or comparisons of competitor's products; (4) competitive business information, including, but not

3

limited to, non-public financial or marketing research or analyses or comparisons of competitor's products and strategic product planning; or (5) any other Information that the Producing Party, reasonably and in good faith, believes would likely cause harm if disclosed to persons who are not identified in and subject to this Protective Order. Such Information shall be so identified at the time of service of such Information by including on each page the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designation of any document, material, or information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Feral Rule of Civil Procedure 26(c)(1)(G).

3. <u>Designation of Certain Information as "CONFIDENTIAL."</u> The Producing Party may designate Information as "CONFIDENTIAL" if such Information contains non-public, sensitive or confidential information. Such Information shall be so identified at the time of service of such Information by including on each page the legend "CONFIDENTIAL." The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Feral Rule of Civil Procedure 26(c)(1)(G).

4. <u>Storage Devices</u>. In the case of access to electronic data, a Producing Party may temporarily designate an entire storage device as "CONFIDENTIAL." In such case, the Producing Party will have 15 days to make its designation of individual documents. At the end of the 15th day after the date of production, all documents not identified as "CONFIDENTIAL" will not be subject to such a designation.

5. <u>Limitations on Access to Information</u>. Subject to Paragraphs 9 and 16 of this Order, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information shall not, without prior written consent of the Producing Party, (a) be disclosed to anyone other than the Court, its officers and its clerical staff and the Authorized Personnel specified in Paragraphs 6 and 7 herein; or (b) be used by anyone other than the Producing Party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation.

6. <u>Limitations on Access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information</u>. Access to and disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information marked and identified in accordance with this Order shall be limited to the Court, its officers, and its clerical staff and to the Authorized Personnel. Authorized Personnel are:

    (A) Outside counsel for the parties to this lawsuit (including paralegal, secretarial, and clerical personnel and other regular employees to the extent reasonably necessary to assist such counsel);

    (B) In-house counsel for the parties with responsibility for the oversight of this litigation;

    (C) Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided

at the end of this Order, and the attorney for the party shall keep the executed Acknowledgement for one year following the final termination of this case. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this case;

(D) Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation, provided that each vendor executes an Acknowledgement in the form provided at the end of this Order;

(E) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(F) Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information herein and is not otherwise shown prior to such disclosure not to have received the document or information therein; (ii) who has been identified in writing by the designating party as having been provided with the document or information therein; (iii) who had access to a document containing such Information when such document was generated or maintained during the ordinary course of business; (iv) who has been designated under Federal Rule of Civil Procedure 30(b)(6) by the Producing Party; or (v) who is an employee, agent, or representative of the Producing Party. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(G) Third-party mediators selected by the parties;

    (H)    Such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

7.    <u>Limitations on Access to "CONFIDENTIAL" Information</u>. Access to and disclosure of "CONFIDENTIAL" Information marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff and to the Authorized Personnel. Authorized Personnel are:

    (A)    Outside counsel for the parties to this lawsuit (including paralegal, secretarial, and clerical personnel and other regular employees to the extent reasonably necessary to assist such counsel);

    (B)    In-house counsel for the parties with responsibility for the oversight of this litigation;

    (C)    Individual parties and employees of the parties to the extent such disclosure is reasonably necessary for such persons to assist in this litigation;

    (D)    Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" Information to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided at the end of this Order, and the attorney for the party shall keep the executed Acknowledgement for one year following the final termination of this case. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this case;

(E)   Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation, provided that each vendor executes an Acknowledgement in the form provided at the end of this Order;

(F)   Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(G)   Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information herein and is not otherwise shown prior to such disclosure not to have received the document or information therein; (ii) who has been identified in writing by the designating party as having been provided with the document or information therein; (iii) who had access to a document containing such Information when such document was generated or maintained during the ordinary course of business; (iv) who has been designated under Federal Rule of Civil Procedure 30(b)(6) by the Producing Party; or (v) who is an employee, agent, or representative of the Producing Party. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(H)   Third-party mediators selected by the parties;

(I)   Such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

8.   <u>Designation of Deposition or Other Testimony</u>. Deposition and other testimony may also be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" during the course of a deposition or other testimony which involves "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL"

Information, counsel for a party or witness producing such information may designate on the records the portion(s) of the deposition or other testimony which counsel believes may contain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information. If such designation is made, those portions of the deposition or other testimony involving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information will be taken with no one present, except those persons who are authorized to have access to such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information in accordance with this Order. Within seven (7) days after the official transcript is delivered to all counsel, a party may designate in writing other or new portions containing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information. During this seven day period, the entire deposition or other testimony will be deemed to contain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information. After that time period, the deposition or other testimony will only be covered by this Protective Order if specifically designated as containing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information. A party objecting to any such designation of deposition or other testimony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall follow the procedure as set forth in Paragraph 13.

9. <u>Party's Own Information</u>. The restrictions on the use of Information established herein are applicable only to Information received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Information.

10. <u>Related Material</u>. The restrictions on the use of Information established by this Protective Order shall extend to: (i) all copies, extracts, and complete or partial summaries prepared from


such Information; and (ii) portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Information, copies, extracts, or summaries, provided that such writings are identified as containing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information.

11.     <u>Procedures for Filing Designated Material</u>. Any party wishing to include, disclose, or attach any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information as part of or with any pleading, motion, brief, or other paper filed with the Clerk of this Court shall move to have the material filed under seal in accordance with the Court's rules. Copies of the papers filed under seal shall be timely served on counsel for the parties. Should the need arise during any pre-trial proceedings before the Court, a party may cause "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information to be disclosed only after appropriate in camera inspection or other appropriate safeguards are requested of the Court.

12.     <u>Use of Information at Hearing or Trial</u>. At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a party may use any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information for any purpose. In the event that any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information is used in any court proceeding in connection with this litigation, it shall not lose its status as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" or "CONFIDENTIAL" Information is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

13. <u>Challenge to Designation</u>. In the event that the party receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information disagrees with the designation by the Producing Party or the designating party, then the parties initially will try to resolve the dispute on an informal basis, within ten (10) business days from the date that the receiving party raises the objection to the designation (or a mutually agreed upon longer period) in writing. Any such disputed item shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information, as designated, and subject to this Protective Order unless and until the parties reach an agreement or the Court determines otherwise. If the parties are unable to resolve their differences informally, then the objecting party may file a motion requesting disclosure. In connection with a motion filed under this provision, the party designating the information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the dispute information to be so treated. Neither party shall be obligated to challenge the propriety of a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" designation, and failure to do so shall not constitute an admission that any Information is in fact deserving of those protections. Information marked and identified in accordance with this Protective Order shall remain subject to the terms of this Protective Order unless otherwise agreed by the Producing Party or ordered by the Court.

14. <u>Other Protections</u>.

    (A) This Protective Order shall not preclude any party from seeking additional protection with respect to the confidentiality of Information as that party deems

appropriate, including seeking certain processes be put into place through either a separate Order of by agreement of the parties. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Information otherwise prohibited by this Protective Order;

(B) Nothing herein shall prevent the parties from mutually agreeing in writing to the use or disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information other than as permitted by this Order;

(C) If the Court orders that access to or dissemination of any type of Information shall be had by or made to persons not included in Paragraphs 6 and 7 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall sign an Acknowledgement as provided for at the end of this Order, and in all other respects shall be considered subject to it; and

(D) If it becomes necessary for counsel for a party receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information to seek the assistance of any person other than those specified in Paragraphs 6 and 7 above, the following procedures shall be employed:

  i. Counsel for the receiving party shall notify, in writing, counsel for the Producing Party of the desire to disclose such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information and shall identify the person(s) to whom counsel intends to make such disclosure;

      ii. If no written objection to such disclosure is made by counsel for the Producing Party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); and

      iii. If the Producing Party, in good faith, objects to such disclosure, no disclosure shall be made at that time. However, any party may bring before the Court the question of whether the particular "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

15. <u>Inadvertent Disclosure</u>.

    (A) If, through inadvertence, a Producing Party provides any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information in this litigation without marking the information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," the Producing Party may subsequently inform the receiving party in writing of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof. A party objecting to any such "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" designation shall follow the procedures set forth in Paragraph 13 above. Prior disclosure of material later designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" by the non-designating party or a third party shall not constitute a violation of this Order;

(B) If "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information; and

(C) If a disclosing party through inadvertence produces or provides Information that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the Information is deemed privileged and that return of the Information is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the Information of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party. Return of this Information by the receiving party shall not preclude the receiving party from later moving the Court to compel production of the returned Information.

16. <u>Materials Not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."</u> Notwithstanding the designation and protection of any materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information, such Information shall not be deemed confidential and shall not be subject to this Order if the content and/or substance thereof:

    (A)    Is, at the time of disclosure, in the public domain by publication or otherwise and is not otherwise protected from disclosure as a result

    (B)    Becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by publication or otherwise;

    (C)    Is already in the possession of a party at the time of disclosure by the Producing Party and was acquired other than directly or indirectly from the Producing Party under conditions requiring the confidential treatment of the material; or

    (D)    Is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

17. <u>Return of Information</u>. After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession of them. The return or destruction of these materials shall occur within thirty (30) days after this written notice is received. The party returning or destroying materials under this paragraph shall provide a written certificate to the

Producing Party attesting to the return or destruction of all designated materials. Notwithstanding the above, after the conclusion of this case and any appeals arising therefrom, counsel of record may retain one copy of any pleadings, correspondence, filings, discovery requests and responses, depositions, expert reports, and attorney work product (including court papers, transcripts, and attorney work product that contain Information or material designated by another party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information).

18. <u>Waiver or Termination</u>. The provisions of this Protective Order may not be modified, waived, or terminated except by the written stipulation of counsel or Order of the Court. This Order shall survive the final termination of this proceeding with respect to any retained "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information. Unless otherwise agreed by the parties or further Order of the Court, termination of the proceedings shall not relieve any person from the obligations of this Protective Order.

19. <u>Notice</u>. All notices required by this Protective Order are to be served via email or hand-delivery to counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the next business date after the notice is hand-delivered or emailed. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Information under this Order.

20. <u>Other Proceedings</u>. By entering this Order and limited the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of another party's

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information shall notify counsel for the Producing Party, within five (5) business days, of the request, subpoena, or court order and shall provide a copy of the same.

### ACKNOWLEDGEMENT

I, _____, hereby acknowledge that:

1. My address is _____,
   _____.

2. My present employer is _____
   and the address of my present employment is _____,
   _____.

3. I received and read the Protective Order entered by the Court in the above-captioned action.

4. I am one of the persons described in Paragraphs 6 and/or 7 of the Protective Order, and I am agreeing to be bound by its terms in order to satisfy the conditions provided in the Protective Order prior to the disclosure to me of any confidential documents or information under the Protective Order.

5. All such documents and information disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose, refer to, or use the original or any copy of, or the subject of, such documents or information except in accordance with the aforesaid Protective Order.

6. I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I received such documents, and I shall

destroy any notes and memoranda I have regarding the aforesaid documents and information.

7. I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the aforesaid Protective Order.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature: _____

Name: _____

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge